IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMAS O'CAMPO, | No. CIV S-10-1100-KJM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CHICO CROSSROADS, et al., | |
| Defendants. | |
| _____/ | |

Pending before the court is plaintiff's motion to compel (Doc. 50). A hearing on the motion was scheduled for October 19, 2011, before the undersigned in Redding, California. Attorney Scottlynn Hubbard was scheduled to appear telephonically, but due to technical difficulties the court could not accept the call. Attorney Matthew Kenefick appeared in person for defendant Bed Bath & Beyond. However, pursuant to Local Rule 230(g), the court finds oral argument unnecessary and takes this matter under submission.

**I.     BACKGROUND**

The parties filed a joint statement regarding the current discovery dispute, which relates to a site inspection of defendant's facility. At issue is plaintiff's request to be able to inspect the entire facility, not just the restroom . An inspection of the restroom occurred on

1  September 23, 2011, but plaintiff wants the opportunity to conduct a complete inspection of the
2  entire store.

3          On September 10, 2010, the parties filed a joint status report.  Plaintiff indicated
4  therein that he did "not anticipate amendments to the pleadings . . . ." (Joint Status Report, Doc.
5  29 at 5).  The court then issued a scheduling order September 15, 2010, which stated "[n]o
6  further joinder of parties or amendment to pleadings is permitted without leave of court, good
7  cause having been shown." (Status (Pretrial Scheduling) Order, Doc. 30 at 1).  In that same
8  order, the court set a discovery deadline of October 14, 2011.  In so doing, the court specified:

> In this context, "completed" means that all discovery shall have
> been conducted so that all depositions have been taken and any
> disputes relative to discovery shall have been resolved by
> appropriate order if necessary and where discovery has been
> ordered, the order has been obeyed.

12  (Id. at 2).  The trial in this case is set for July 9, 2012.  The current motion to compel was filed
13  September 16, 2011.

14          **II.**       **MOTION TO COMPEL**

15          Plaintiff filed this motion to compel defendant Bed Bath & Beyond to allow a site
16  inspection of the entire facility.  Plaintiff submitted his site inspection request to defendant on
17  August 16, 2011.  The parties met and conferred on the issue, and defendant agreed to allow an
18  inspection of the restroom facilities only, as that was the only area of contention raised in the
19  complaint.  Plaintiff asserts the right to inspect the entire facility in order to discover other
20  barriers in existence which can be addressed in this one case.

21          Plaintiff argues that he is entitled to inspect the entire facility to discover all
22  barriers, not just those he encountered and are included in his complaint.  He supports his
23  position with Ninth Circuit case law that a disabled plaintiff has standing sue as to the structural
24  barriers he encountered as well as all other barriers related to his disability.  See Chapman v. Pier
25  1 Imports, 631 F.3d 939, 944 (9th Cir. 2011).  He argues that because he has standing to raise all
26  barriers, not just those he actually encountered, he is entitled to perform a full site inspection.

Defendant argues that plaintiff can only conduct discovery on the issues actually raised in the complaint. The only barriers at issue in the complaint relate to the restroom facilities. Therefore, they agreed and allowed plaintiff to conduct an inspection of the restroom facility, but object to a full site inspection. Defendant supports its position with a new Ninth Circuit case, Oliver v. Ralphs Grocery Co. – F.3d –, 2011 WL 3607014 (9th Cir. Aug. 17, 2011). Defendant contends that especially at the end of discovery, the issues and therefore the scope of discovery are framed by the complaint and limited thereto. Thus, plaintiff's belated notice of performing a site inspection so late in this action goes beyond the discovery scope, as limited by the issues raised in the complaint.

### III.   DISCUSSION

Federal Rule of Civil Procedure 26(b) provides: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." . "Consistently with the notice-pleading system established by the Rules, discovery is not limited to issued raised by the pleadings, for discovery itself is designed to help define and clarify the issues." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b).

In these cases, where a plaintiff brings an action under the Americans with Disabilities Act ("ADA"), the Ninth Circuit has held that a plaintiff has standing to challenge barriers he experienced, as well as those he did not. See Chapman, 631 F.3d at 944; Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042-43 (9th Cir. 2008). As such, a disabled plaintiff "may conduct discovery to determine what, if any, other barriers affecting his disability existed at the time he or she brought the claim." Doran, 524 F.3d at 1044.

However, the issue here is not whether plaintiff has standing to sue over barriers in existence in other parts of the building, nor whether plaintiff may have been entitled to conduct such extensive discovery at some time during the course of this litigation. The issue is

whether, upon the expiration of discovery, plaintiff can conduct a site inspection to determine what other barriers may have been in existence at the time he encountered the ones raised in his complaint.  This question is especially important in light of the recent Ninth Circuit decision in Oliver, 2011 WL 3607014.  There, the Ninth Circuit determined that the only barriers the court could address in a motion for summary judgment were those raised in the complaint.  Bringing additional barriers to light in an expert's report, where no amended complaint had been filed, failed to provide sufficient notice to the defendant pursuant to Rule 8.  The court stated "in order for the complaint to provide fair notice to the defendant, each such [barrier] must be alleged in the complaint."  Id. at *4 (citing Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006)).

Applying the reasoning from these relevant cases to the issues before the court in this case, the undersigned finds the timing of the request to be crucial.  The only issues properly before the court to determine are those actually raised in the complaint.  See Oliver, 2011 WL 3607014.  While a disabled plaintiff has standing to challenge the barriers encountered as well as those discoverable, in the end only those alleged in the complaint are properly before the court.  Thus, if plaintiff was to conduct an inspection of the entire facility and determine that other barriers were in existence at the time he encountered the other barriers, he would be faced with having to file an amended complaint in order to properly present those additional barriers.  Discovering such additional barriers at the end of the discovery period, then attempting to amend a complaint when no such amendment was contemplated, would place the defendant in the position of having to defend against such new claims without proper notice or time to investigate.  Allowing the occurrence of such an event at such a late date would certainly prejudice the defendant.  Cf. Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989); Fed. R. Civ. P 15(a), 16(a)(4).

With the exception of the outcome of the instant motion, discovery is over.  The court was explicit in its scheduling order that by the end of discovery, in this case October 14,

2011, all discovery was to have been completed including such discovery as ordered following resolution of a discovery dispute. The current discovery dispute was noticed for hearing originally on October 13, 2011, the day before the discovery deadline. This did not provide plaintiff sufficient time to complete any discovery allowed by the court following the hearing. Granting such a belated request, especially for the extensive discovery sought, is not possible based on the scheduling order issued. If plaintiff would have raised this issue at the beginning of discovery, when there was sufficient time to address the issue completely and file a proper and timely request to file an amended complaint, the issues would have been presented in a different light. However, it is now too late in these proceedings to include any additional barriers found during such a site inspection. Such a request goes beyond the discoverable issues in this case at this time.

### IV. CONCLUSION

According to the above discussion, the undersigned finds plaintiff's belated request to conduct an inspection of defendant's entire facility, in order to possibly add new barriers to his claim, has been brought too late in this litigation to be allowed. While plaintiff may have standing to sue over such barriers, he failed to raise them in a timely fashion. To bring additional claims into this case at such a late date fails to provide proper notice to the defendant and would require modification of the court's scheduling order where no good cause has been shown.

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to compel a site inspection (Doc. 50) is denied.

DATED: October 28, 2011

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

5