IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMAS O'CAMPO,

    Plaintiff,                             No. CIV S-10-1100 KJM-CMK

    vs.

CHICO CROSSROADS, LP; et al.,

    Defendants.                      ORDER

_____/

        This matter comes before the court on defendant Bed Bath & Beyond's motion for summary judgment. Hearing on this matter took place on February 24, 2012; Daniel Watts appeared for plaintiff and Martin Orlick appeared for defendant. As ordered from the bench, plaintiff may seek leave to file an amended complaint in light of the court's questions regarding standing[1] and defendant's motion for summary judgment is denied without prejudice to renewal.

I.   FACTS AND PROCEDURAL HISTORY

        Plaintiff filed his complaint against defendant, Chico Crossroads, LP, Buffets, Inc., The Office Club, Inc., Barnes & Noble Booksellers, Inc., Cost Plus, Inc., and Petco Animal

---

[1] Plaintiff filed his request for leave to file an amended complaint on March 9, 2012. (ECF 78.) Defendant shall file an opposition or statement of non-opposition within seven (7) days of the entry of this order.

1

Supplies, Inc. alleging twenty-eight causes of action, of which four were against defendant: (1) violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, et seq.; (2) violation of the Disabled Persons Act ("DPA"), Cal. Civ. Code § 54; (3) violation of the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51; and (4) denial of full and equal access to public facilities in violation of Cal. Health & Safety Code § 19955(a). (Compl. ¶¶ 244-80.)

Plaintiff alleges he uses a cane when traveling in public. (Comp. ¶ 14.) He further alleges "the barriers at the Bed Bath & Beyond Facility included, but are not limited to, the following: There is insufficient strike side clearance when entering the men's restroom; The front roll of toilet tissue is more than 12 inches from the front of the water closet; The operable part of the paper towel dispenser is mounted too high; The pipes beneath the lavatory are incompletely wrapped; and, There is insufficient strike side clearance when exiting the restroom. These barriers prevented O'Campo from enjoying full and equal access at the Bed Bath & Beyond Facility." (Compl. ¶ 33.) Plaintiff further alleges he "continues to be deterred from visiting Bed Bath & Beyond Facility because of the future threats of injury created by these barriers." (*Id.* ¶ 34.)

Defendant filed the present motion for summary judgment on December 14, 2011. (ECF 61.) Plaintiff filed his opposition on December 28, 2011. (ECF 63.) Defendant filed its reply on February 17, 2012. (ECF 72.)

II. RELEVANT AUTHORITY

    A.    Standard

"To demonstrate standing, a plaintiff must (1) have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not

2

before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796-97 (9th Cir. 2001) (internal quotations and citations omitted) (alterations in original). In the ADA context, "when an ADA plaintiff has suffered an injury-in-fact by encountering a barrier that deprives him of full and equal enjoyment of the facility due to his particular disability, he has standing to sue for injunctive relief as to that barrier and other barriers related to his disability;" that plaintiff can establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 944 (9th Cir. 2011). "The party asserting federal jurisdiction bears the burden" of demonstrating he has standing at every stage of litigation. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010); *Chapman*, 631 F.3d at 946. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

    B.    Application

As noted, plaintiff alleges only that he uses a cane when traveling in public. (Compl. ¶ 14). Moreover, plaintiff's complaint does not "adequately allege . . . an injury in fact [as it] merely include[s] a lengthy list of alleged barriers without . . . establishing how [the specific barriers] affected his specific disability." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011). Plaintiff contends the evidence on the record establishes standing, relying on a prior motion to compel and his declaration attached to his opposition to the present motion. (Opp'n at 8.) Plaintiff relies on *Oliver v. Ralphs Grocery Co.* to support this contention. (*Id.* at 7.) In that case, the Ninth Circuit found the plaintiff's defective complaint was saved where he inadequately pled standing but where there was "sufficient evidence in the record to establish that Oliver suffered an injury in fact." 654 F.3d at 907. Specifically, the plaintiff had demonstrated that he "personally encountered barriers . . . that impaired his full and equal enjoyment of the facility due to his particular disability." *Id.* at 908. In contrast, in the present

3

case plaintiff has provided no evidence connecting the barriers he allegedly encountered with his alleged use of a wheelchair at the time. The motion to compel does not connect plaintiff's cane use with the specific barriers, nor does it contain information regarding plaintiff's alleged wheelchair use. (ECF 51 at 7-8.) Likewise, plaintiff's declaration attached to his opposition to the present motion, filed nineteen months after his complaint, is the first time on the record that plaintiff alleges he uses "a wheelchair when traveling in public for time periods of more than 10-15 minutes." (O'Campo Decl. ¶ 3, ECF 63-2.) Nowhere in either the motion to compel or the declaration does plaintiff allege he was using a wheelchair during the visits to Bed Bath & Beyond alleged in the complaint. It is not enough, for example, that plaintiff declares generally that "[f]rom a wheelchair, it is difficult or impossible to use a paper towel dispenser mounted high on the wall." (*Id.* ¶ 11.c.) As in *Chapman*, plaintiff "never alleges . . . how his disability was affected by [the alleged barriers] so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954.

C.   Leave to Amend

At hearing, plaintiff's counsel essentially requested leave to amend the complaint. At hearing in response and in its reply brief, defendant asks the court to judicially estop plaintiff from amending to allege wheelchair use, relying on *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999) and *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). (Reply at 7.) *Cleveland* is inapposite as it concerns a plaintiff's burden in defending against summary judgment where a plaintiff must allege he is unable to work in order to receive social security disability insurance benefits but must allege he is able to perform his job in order to state a claim for violation of the ADA. The *Cleveland* Court held that a plaintiff must explain this inconsistency sufficiently to warrant a reasonable juror's concluding that plaintiff states a claim for discrimination in violation of the ADA. 526 U.S. at 807. Likewise, in *Van Asdale* the Ninth Circuit found "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." 577 F.3d at 998 (internal quotation omitted). In

4

contrast, the issue presently before the court is whether plaintiff has alleged standing to bring his complaint, not whether summary judgment is appropriate. The court declines to exercise its discretion to apply judicial estoppel under the present circumstances. Plaintiff's allegation of cane use has not resulted in "success in a prior proceeding . . . and thus poses little threat to judicial integrity." *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001). In addition, plaintiff's alleged wheelchair use is not "clearly inconsistent" with his alleged cane use. *Id.* at 750.

III. CONCLUSION

For the foregoing reasons, the court confirms the bench order tentatively issued on February 24, 2012: Plaintiff may seek leave to file an amended complaint and to amend the scheduling order by March 23, 2012.[2] Any such motions shall be filed only following meaningful meet and confer sessions as clarified by the court at hearing. Plaintiff's motions to strike and for summary judgment at docket numbers 60, 69 and 70 are denied without prejudice to refiling at a later point in the proceedings. Defendant's motion for summary judgment also is denied without prejudice. All currently set dates and deadlines are vacated.

IT IS SO ORDERED.

DATED: March 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] *See* note 1 *supra*.