IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMAS O'CAMPO,

     Plaintiff,                              No. CIV S-10-1100 KJM-CMK

  vs.

CHICO CROSSROADS, LP; et al.,        ORDER

     Defendants.

_____/

On March 9, 2012, the court issued an order memorializing the court's oral ruling of February 24, 2012, allowing plaintiff to seek leave to file an amended complaint taking into account the court's questions regarding standing. (ECF 79.) In accordance with the court's oral ruling, but before the court issued its written order, plaintiff filed its request for leave to file a first amended complaint and to amend the scheduling order. (ECF 78.) For the following reasons, plaintiff's request is denied.

I. ANALYSIS

    A.    Standard

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15."

1

1  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*.

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

/////

B.  Application

Plaintiff's request is concerned with the estoppel argument made by defendant at the February 24, 2012 hearing on plaintiff's motion to strike and in defendant's motion for summary judgment. Plaintiff does not address either Rule 16 or Rule 15 anywhere in his request, nor does he address them in his reply.

Plaintiff has wholly failed to show that there is good cause for amending the scheduling order as required by Rule 16(b)(4). Though the court construes plaintiff's reply as arguing that granting his request will not be prejudicial to defendant (Reply at 1-2 (discussing defendant's being on notice and opportunity to propound discovery)),[1] lack of prejudice is insufficient to show good cause where a party has not shown diligence. *See Johnson*, 975 F.2d at 609. Plaintiff's lack of diligence is evident in the body of his request. In particular, plaintiff cites to another of his cases in this court, in which the presiding judge ordered plaintiff to show cause why the case should not be dismissed for lack of standing. (Request at 2.) In that case, the presiding judge cited to the same concerns expressed by the undersigned at hearing. *O'Campo v. Chico Mall, LP*, No. 2:10-cv-01105-LKK-CMK, Aug. 13, 2010 Order, ECF 42 at 10-13.[2] On September 2, 2010, only four months after the original complaint in that case was filed, the court issued an order finding plaintiff's responsive declaration defective, but allowing plaintiff to file

---

[1] It is well established that a plaintiff is the master of his complaint. *See, e.g., Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002). Defendant was not obligated to propound discovery outside the bounds established by the complaint or seek clarification here; rather, it is plaintiff's burden to present a sufficient complaint.

[2] Four of the five barriers alleged in this case were used in the other case as examples of barriers that "appear[ed] to solely concern accessibility for individuals using wheelchairs." *See O'Campo v. Chico Mall, LP*, ECF 42 at 10. These specifically included strike side clearance when entering and exiting the restroom, and location of the toilet paper dispenser. *Compare id. with* Compl. ¶ 33. As noted at the February 24 hearing, all of the alleged barriers plaintiff lists in the instant complaint – insufficient strike side clearance when entering and exiting the men's restroom, the front roll of toilet tissue being more than 12 inches from the front of the water closet, the operable part of the paper towel dispenser being mounted too high, and the pipes beneath the lavatory being incompletely wrapped – appear to pose a problem only for someone using a wheelchair.

an amended complaint to include factual allegations regarding wheelchair use. *Id.*, Sept. 2, 2010 Order, ECF 51.

The complaint in this case, as in the *Chico Mall* case, was filed on May 5, 2010. (ECF 1.) The scheduling order was entered on September 15, 2010, approximately two weeks after the judge in *Chico Mall* granted plaintiff leave to amend. (ECF 30.) Plaintiff was on notice that standing was in question, yet he did not seek leave to amend in this case. Rather, the first time plaintiff alleged his wheelchair use was in a declaration filed on December 28, 2011, more than one year after he was granted leave to amend in the other case. (ECF 63-2.) As stated in this court's prior order, the mere allegation by itself is wholly insufficient to establish standing. (ECF 79.)

The court need not reach the question of prejudice with respect to Rule 16, or the Rule 15 inquiry, as plaintiff has failed to show good cause in accordance with Rule 16. *See Johnson*, 975 F.2d at 608. Nonetheless, the court notes that modifying the schedule and granting leave to amend would be unduly prejudicial to the defense and create undue delay, taking into all the relevant circumstances. The discovery cutoff date was October 14, 2011 and the expert discovery cutoff date was December 19, 2011. (ECF 30.) If leave to amend were granted, discovery would need to be reopened; "'[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.'" *Nicholson v. Dossey*, No. 1:08-cv-01168-AWI-SKO, 2011 U.S. Dist. LEXIS 132218, at *13-14 (E.D. Cal. Nov. 16, 2011) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). "Prejudice to the opposing party is the most critical factor in determining whether to grant leave to amend." *Enns Pontiac, Buick, & GMC v. Flores*, No. CV-F-07-1043 LJO-BAM, 2011 U.S. Dist. LEXIS 148916, at *17 (E.D. Cal. Dec. 28, 2011). In addition, plaintiff's very lack of diligence indicates an undue delay in seeking to amend the complaint. *Enns Pontiac*, 2011 U.S. Dist. LEXIS 148916, at *14; *see also Wilkins-Jones v. County of Alameda*, No. C-08-1485 EMC, 2011 U.S. Dist. LEXIS 92904, at *31 (N.D.

4


Cal. Aug. 19, 2011) ("A party seeking to amend its pleadings must explain any delay in seeking the amendment.'" (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990))).

II. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's request to amend the scheduling order and for leave to file an amended complaint is DENIED WITH PREJUDICE. Plaintiff's complaint is dismissed and all pending deadlines are vacated. This case is closed.

IT IS SO ORDERED.

DATED: May 30, 2012.

_____
UNITED STATES DISTRICT JUDGE