1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIMAS O'CAMPO,

12              Plaintiff,                           No. 2:10-cv-01100-KJM-CMK

13         v.

14   CHICO CROSSROADS, LP; BUFFETS, INC.
     dba HOMETOWN BUFFET #0706; THE
15   OFFICE CLUB, INC., dba OFFICE DEPOT
     #917; BARNES & NOBLE BOOKSELLERS,
16   INC., dba BARNES & NOBLE # 2815; COST
     PLUS, INC., dba COST PLUS WORLD
17   MARKET # 202; BED BATH & BEYOND OF
     CALIFORNIA, LLC dba BED BATH &
18   BEYOND #587; PETCO ANIMAL                       ORDER
     SUPPLIES, INC., dba PETCO#362,
19
                Defendants.
20   _____/

21              Upon dismissal of plaintiff Dimas O'Campo's claims under the Americans with

22   Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et. seq.*, defendant Bed, Bath & Beyond of

23   California, LLC filed a motion for attorneys' fees on June 13, 2012.  (ECF 84.)  Plaintiff filed an

24   opposition on June 29, 2012.  (ECF 91.)  For the reasons explained below, the court denies

25   defendant's motion.

26   /////

1   I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

2           On May 5, 2010, plaintiff filed suit against defendant, alleging that defendant

3   violated the ADA by rendering its store's bathrooms inaccessible to persons with disabilities in

4   five ways, all of which presented problems exclusively to persons requiring wheelchairs.  (*See*

5   ECF 1 at 10.)  The complaint did not allege that plaintiff required the use of a wheelchair.  (*See*

6   *id.* at 5.)  On March 9, 2012, the court issued an order denying both parties' cross motions for

7   summary judgment, noting plaintiff had standing only for those barriers by which he was

8   personally affected and permitting the plaintiff to seek leave to amend.  (ECF 79 at 3, 5.)  The

9   court denied plaintiff's motion for leave to amend on May 30, 2012, because plaintiff did not

10   address the standards for amending the court's scheduling order under Federal Rule of Civil

11   Procedure 16 or for amending the complaint under Federal Rule of Civil Procedure 15; the court

12   consequently dismissed the case for lack of standing.  (ECF 82.)  Defendant has moved for

13   attorneys' fees on the theory that plaintiff's complaint alleging ADA violations was frivolous.

14   (ECF 84.)

15   II.    <u>LEGAL STANDARD</u>

16           Under the ADA, attorneys' fees may be awarded to the prevailing party.

17   42 U.S.C. § 12205.  The Ninth Circuit has held that attorneys' fees may be awarded to a

18   prevailing defendant in an ADA case only where "[t]he plaintiff's action was frivolous,

19   unreasonable or without foundation."  *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154

20   (9th Cir. 1997) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

21           However, before considering whether attorneys' fees are merited, the court must

22   consider whether an award of fees is within the court's power.  Ordinarily, a court that has

23   dismissed a case for lack of subject matter jurisdiction has no jurisdiction to award attorneys'

24   fees. *Smith v. Brady*, 972 F.2d 1095, 1097 (9th Cir. 1992); *Latch v. United States*, 842 F.2d 1031,

25   1033 (9th Cir. 1988).  The court does not have jurisdiction to hear a case where the plaintiff has

26   no standing.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).

III.   <u>ANALYSIS</u>

Plaintiff argues that the court has no jurisdiction to grant attorneys' fees in this case because the court dismissed plaintiff's complaint on standing grounds.  (ECF 91 at 2.) Defendant argues the action was dismissed on the merits, not for lack of standing.  (ECF 92 at 1.) Specifically, defendant argues that the court found plaintiff's claims lacked merit because he did not require a wheelchair and was therefore not inhibited by the barriers he encountered.  (*Id.*) Defendant additionally argues that jurisdiction is not required to award attorneys' fees, citing *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 609 (9th Cir. 1982).  (ECF 84 at 13-14.)

Here, the court did not reach the merits of plaintiff's claims. As explained above, the action was dismissed for lack of standing after plaintiff was denied leave to amend.  (ECF 79, 82.)  Defendant is incorrect that a court without jurisdiction has the power to award attorney's fees.  *See Smith,* 972 F.2d at 1097.  In *EEOC,* the court did dismiss for lack of jurisdiction but awarded attorneys' fees, but it was not because the court retained the power to award fees absent jurisdiction.  Rather, the particular statute relied on in that case permitted recovery of fees, *see* 42 U.S.C. § 2000e-5(k), and created independent jurisdiction for the award of attorneys' fees. *EEOC*, 669 F.2d at 609.  *See also Cal. Ass'n of Physically Handicapped, Inc. v. FCC*, 721 F.2d 667, 671 (9th Cir. 1983).

In contrast, the ADA does not contain an independent grant of jurisdiction for attorneys' fees.  In *Skaff v. Meridien North American Beverly Hills, LLC*, an ADA defendant sought attorneys' fees after the parties' settlement, but the district court denied the request because it determined that the plaintiff had no standing, as he had not alleged a cognizable injury in his complaint. 506 F.3d 832, 836-37 (9th Cir. 2007).  The Ninth Circuit vacated the district court's ruling, holding that the plaintiff had standing, but noted that it would have been appropriate for the district court to deny the defendant's request for attorneys' fees if the plaintiff had not shown standing.  *Id.* at 837 n.2. *See also Molski v. Levon Invs., LLC*, 231 F. App'x 685, /////

1  685 (9th Cir. 2007) (affirming the district court's reasoning that lack of jurisdiction prevented

2  the award of attorney's fees after plaintiff's ADA case was dismissed for lack of standing).

3         Finally, in *Miles v. State of California*, which defendant argues supports the

4  granting of attorneys' fees here, the court allowed fees when an ADA case against a state had

5  been dismissed in light of Eleventh Amendment immunity, as opposed to lack of standing.  320

6  F.3d 986, 988-89 (9th Cir. 2003).  The court noted that immunity could be waived by the state,

7  and that consequently it functioned more similarly to an affirmative defense than a jurisdictional

8  bar.  *Id.*  Because the court held jurisdiction over the action, the court was able to award

9  attorneys' fees, unlike the present case.  *Id.* at 989.

10         In sum, because the court's prior determination that plaintiff lacks standing means

11  jurisdiction is lacking, the court has no power to award attorneys' fees under 42 U.S.C. § 12205.

12         For the foregoing reasons, defendant's motion is DENIED.

13  DATED:  February 22, 2013.

16  UNITED STATES DISTRICT JUDGE

4